**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4078

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS BLAKE SILER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:04-cr-00488-TDS-1)

Submitted:  June 21, 2018                                        Decided:  June 27, 2018

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Blake Siler appeals the district court's order revoking his supervised release and imposing a seven-month term of imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but generally questioning whether Siler's sentence is plainly unreasonable. Although informed of his right to file a pro se supplemental brief, Siler has not done so. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). This court "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). Reasonableness review of a revocation sentence involves us first determining "whether the sentence imposed is procedurally or substantively unreasonable." *Id.* Only when the sentence is unreasonable will we determine "whether it is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). We will uphold a revocation sentence as substantively reasonable "if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted).

Upon review of the record, we conclude the district court did not abuse its discretion in imposing a seven-month term of imprisonment after finding Siler committed the supervised release violations alleged in the revocation petition. This sentence is within both the statutory maximum of 60 months and the advisory policy statement range of 4 to 10 months, which was calculated based on the greatest of the alleged violations—a Grade B violation—coupled with Siler's prior assignment to criminal history category I. *See* <u>U.S. Sentencing Guidelines</u> § 7B1.4(a), p.s (2004). Further, the court considered the relevant § 3553(a) factors, defense counsel's arguments in mitigation, and adequately stated permissible reasons for the sentence. Finally, Siler does not advance—and our review of the record did not reveal—any basis for overcoming the presumption of substantive reasonableness we afford Siler's within-policy statement range sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Siler, in writing, of the right to petition the Supreme Court of the United States for further review. If Siler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Siler. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*